José Damián Domínguez y del Moral, Represented by his Father José Domínguez, Plaintiff and Appellant, v. Heirs of Dolores Nadal de Gálvez, Defendants and Appellees.

No. 4183.   Argued May 26, 1927.—Decided June 13, 1928.

*Pascasio Fajardo Martínez* for the appellant.   *Angel A. Vázquez* for the appellees.

Mr. Justice Aldrey delivered the opinion of the court.

The appellant brought an action of debt against Angel Rodríguez Barzana as testamentary executor of the estate left by Dolores Nadal de Gálvez at her death and alleged that in her will the deceased appointed the defendant executor and partitioner with full powers to represent her estate generally and without limitation both judicially and extrajudicially; that the District Court of Mayagüez issued letters testamentary as executor and partitioner of the estate in favor of the defendant who accepted and is discharging the trust; that by virtue of the will the succession of the testatrix is composed of the persons specified in the complaint; that the succession owes the amount claimed for the consideration stated, and that the said succession should be adjudged to pay it through the defendant executor.

The defendant demurred on the ground that the complaint did not adduce facts sufficient to determine a cause of action against him.   The court sustained the demurrer and rendered judgment dismissing the complaint.

In the case of *Pérez* v. *Zeda,* 35 P.R.R. 303, the administrator brought an action of revendication after the declaration of heirship had been made and this court held that the administrator had no legal capacity to bring the action in the names

of the heirs because the fiction of law that the administrator is the legal continuation of the decedent's personality is limited solely to the period between his death and the declaration of heirship, for after this his power is confined, as in testamentary proceedings, to acts of mere administration and to those that are indispensable for the performance of his duties as such. Citation was made of the words of Manresa in his Commentaries on the Law of Civil Procedure to the effect that as in intestate succession no one has the legal personality to represent the inherited estate, the law conferred it on the judicial administrator; but as that circumstance does not concur in testamentary proceedings since it is known of course who are the heirs, it is just and proper to give them intervention in everything concerning their interests, confining the intervention of the administrator to acts of mere administration and to anything indispensable for that purpose, as provided by law. In Manresa's Commentaries on the Civil Code, vol. 6, p. 761, he cites the judgment of the Supreme Court of Spain of April 28, 1897, where, having been sued in an action of debt against the estate, an executor demurred for lack of personality and the demurrer was considered and sustained by the court because the executor has no authority or duty, either as such or as petitioner, to represent the estate in judicial proceedings.

Therefore, as there are testamentary heirs in the instant case, the defendant executor has no personality to represent the estate in this action, since the estate is represented by the heirs themselves, and consequently the complaint fails to show a cause of action as against him, notwithstanding the allegation that he was given full power to represent the estate judicially and extrajudicially, which powers can never include any that may restrict the rights granted to the heirs by law. The complaint is not amendable.

The judgment appealed from must be affirmed.

Mr. Justice Texidor took no part in the decision of this case.